**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4203**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BARTON JOSEPH ADAMS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:08-cr-00077-JPB-JES-1)

─────────────

Submitted:  January 30, 2014      Decided:  March 12, 2014

─────────────

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

─────────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

─────────────

David Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  Alan McGonigal, Michael D. Stein, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barton Joseph Adams pled guilty, pursuant to a written plea agreement, to one count of health care fraud, in violation of 18 U.S.C. §§ 2, 1347 (2012), and one count of tax evasion, in violation of 26 U.S.C. § 7201 (2012). The district court sentenced Adams to concurrent terms of fifty months' imprisonment and concurrent terms of three years' supervised release. The district court also ordered that Adams forfeit $3,724,721 and pay restitution.

On appeal from the judgment of conviction and the district court's post-judgment order denying several of Adams' then-pending motions as moot, Adams' counsel has filed a brief raising six issues for review. Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel questions whether Adams' trial counsel rendered ineffective assistance in the proceedings below, whether Adams' rights under the Sixth Amendment and the Speedy Trial Act were violated, whether the district court erred in finding that Adams had been restored to competency prior to the entry of his guilty plea, and whether the district court erred in denying Adams' requests for new counsel. Counsel also questions whether the district court erred in holding Adams in contempt in the proceedings below and whether the court erred in denying a motion to release him from incarceration on the contempt finding. Relying on the appeal

2

waiver in the plea agreement, the Government moves to dismiss the appeal. Adams has filed several pro se supplemental briefs. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Adams knowingly and voluntarily waived the right to appeal his convictions, fifty-month prison sentence, the three-year period of supervised release, and the forfeiture the district court imposed. We also conclude that counsel does not raise on appeal any issue falling outside of the compass of Adams' waiver of appellate rights. We further conclude that — with the exception of his complaint regarding the Bureau of Prisons' failure to award him sentencing and good-time credit and his challenge to the district court's order of restitution — Adams does not raise in his pro se supplemental briefs any issues falling outside of

the compass of the appeal waiver. Accordingly, we grant the Government's motion to dismiss Adams' appeal as to all issues except those that we deem exempt from Adams' valid and enforceable waiver of appellate rights.

Although Adams' appeal waiver insulates his convictions, prison sentence, term of supervised release, and the district court's imposition of forfeiture from appellate review, the waiver does not preclude our consideration of Adams' pro se claims regarding the computation of his sentence and challenging the order of restitution or prohibit our review of the remainder of the record pursuant to Anders. In accordance with Anders, we have reviewed these claims and the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm Adams' convictions and sentence to the extent our obligation pursuant to Anders extends to matters not precluded by the appeal waiver in Adams' plea agreement. We further deny Adams' motions to appoint counsel, for release pending appeal, and for an expedited decision on appointment of counsel.

This court requires that counsel inform Adams, in writing, of the right to petition the Supreme Court of the United States for further review. If Adams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

4

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Adams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
